

In The

Court of Appeals

Seventh District of Texas at Amarillo

———————————————

No. 07-14-00228-CR

———————————————

KENDRA DRAUGHAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2010-428,943; Honorable John J. McLendon III, Presiding

January 9, 2015

ON MOTION FOR REHEARING

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

By opinion dated December 15, 2014, this Court agreed with court-appointed counsel's evaluation that Kendra Draughan's appeal had no merit and affirmed her conviction for possession with intent to deliver cocaine in an amount of one gram or more but less than four. *See Draughan v. State*, No. 07-14-00228-CR, 2014 Tex. App. LEXIS 13402, at *5 (Tex. App.—Amarillo Dec. 15, 2014, no pet. h.) (mem. op., not designated for publication). On December 30, 2014, Appellant filed a document

challenging that portion of this Court's opinion that recited she had not filed a *pro se* response to counsel's *Anders* brief. We interpret that document as a timely filed motion for rehearing.[1] Because Appellant did in fact file a response to counsel's *Anders* brief on October 14, 2014, we grant Appellant's motion for rehearing,[2] withdraw this Court's opinion of December 15, 2014, and, in lieu thereof, substitute this opinion.

Appellant was indicted for possession of cocaine with intent to deliver in an amount of four grams or more but less than 200, a first degree felony.[3] In exchange for a plea of guilty, on June 7, 2011, she was convicted of the lesser included offense of possession with intent to deliver cocaine in an amount of one gram or more but less than four,[4] and sentenced to ten years, suspended in favor of five years community supervision.[5] In May 2013, the State moved to revoke Appellant's community supervision for violations of the terms and conditions thereof. The State amended its motion in June 2013 and a hearing was held on that motion. Appellant pled true to some but not all of the State's allegations. After hearing testimony, the trial court found all the allegations to be true and assessed Appellant's punishment at ten years confinement. A timely appeal was not perfected; however, pursuant to a writ of habeas corpus, the Texas Court of Criminal Appeals granted Appellant an out-of-time appeal.

---

[1] *See* TEX. R. APP. P. 49.1.

[2] Pursuant to Rule 2 of the Texas Rules of Appellate Procedure, we suspend the operation of Rule 49.2 and dispense with requesting a response from the State.

[3] TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010).

[4] TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (West 2010). The lesser included offense is a second degree felony.

[5] Community supervision was modified in January 2013 to include a five-year extension and treatment for substance abuse.

In presenting this appeal, counsel has filed an *Anders*[6] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying her of her right to review the record and file a *pro se* response if she desired to do so,[7] and (3) informing her of her right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[8] By letter, this Court granted Appellant an opportunity to exercise her right to file a response to counsel's brief, should she be so inclined. *Id.* at 409 n.23. Appellant did file a response. The State did not favor us with a brief.

---

[6] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[7] This Court is aware of the decision in *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014).

[8] Notwithstanding that Appellant was informed of her right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of her right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. The duty to send the client a copy of the court of appeals's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

BACKGROUND

Appellant is in her mid-twenties, disabled and has undergone numerous surgeries for cancer. She testified she used marihuana to alleviate the pain. However, she acknowledged that Texas criminalizes the use of marihuana. Her community supervision officer testified to numerous technical violations of the conditions of community supervision, including behavioral issues and her unsuccessful discharge from a treatment facility. Appellant tested positive numerous times for marihuana use and once for cocaine use.

Appellant testified that her inability to comply with the terms of community supervision was due in part to lack of transportation. She also offered her personal difficulty in adjusting to the treatment programs as an excuse for noncompliance. In finding the State's allegations to be true, the trial court advised Appellant that her conduct did not express a desire for treatment and held her to the terms of her agreement.

By the *Anders* brief, counsel suggests as an arguable issue that Appellant's punishment was excessive and violated the prohibition against cruel and unusual punishment. Counsel then concedes the argument has no merit. Generally, punishment assessed within the statutory range is not excessive, cruel or unusual. *See Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.) (citing *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973)).

STANDARD OF REVIEW

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

When we have an *Anders* brief by counsel and a *pro se* response filed by an appellant, we have two choices. We may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744), or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief issues. *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991)).

Here, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record, counsel's brief and Appellant's *pro se* response, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe*, 178 S.W.3d at 826-27.

Accordingly, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.

6